IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THE ESTATE OF LUCILLE ANN WALAHOSKI, by and through, THOMAS D. WALAHOSKI, SPECIAL ADMINISTRATOR for the heirs and next-of-kin, <br><br> Plaintiff, <br><br> vs. <br><br> THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY f/k/a GOOD SAMARITAN SOCIETY — WOOD RIVER, <br><br> Defendant. | 4:20-CV-3026 <br><br><br><br> ORDER |

The Court previously granted the defendant's motion to stay this case and compel arbitration (filing 6) because the plaintiff had not timely responded to the defendant's motion, leaving the defendant's *prima facie* case for arbitrability uncontested. Filing 10. The plaintiff now moves the Court to reconsider that decision. Filing 11. The Court will grant that motion, as a courtesy to the plaintiff's counsel.

The plaintiff's first argument, however, is that the Court misunderstood its own local rules with respect to the deadline for responding to the defendant's motion. NECivR 7.1(b)(1)(B) provides that

> A brief opposing a motion to dismiss, for judgment on the pleadings, or for summary judgment must be filed and served within 21 days after the motion and supporting brief are filed and served. A brief opposing any other motion must be filed and served

within 14 days after the motion and supporting brief are filed and served.

The plaintiff's argument is that the defendant's "Motion to Compel Arbitration and Stay Proceedings" (filing 6) was *actually* a motion to dismiss or motion for summary judgment (which one is not entirely clear) despite the fact that it didn't rely on either Fed. R. Civ. P. 12(b) or Fed. R. Civ. P. 56. And, if that was so, then the plaintiff would still have a couple of days to file a response.

First, the plaintiff cites *U.S. for use of Lighting & Power Servs., Inc. v. Interface Const. Corp.*, 553 F.3d 1150, 1152 (8th Cir. 2009), for the proposition that in the Eighth Circuit, "motions to compel arbitration [are treated] as motions to dismiss for lack of subject matter jurisdictions [sic] under Fed. R. Civ. P. 12(b)(1)." Filing 11 at 2. That proposition, however, is not found in *Lighting and Power Servs.*—the movant in that case styled its motion as a Rule 12(b)(1) motion, but the Court of Appeals did not address the propriety of that procedure. 553 F.3d at 1152. And it's hard to square with the Eighth Circuit's subsequent holding that a motion to compel arbitration should *not* be treated as a Rule 12(b)(1) motion. *See City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017).

The Eighth Circuit did hold, however, that a motion to dismiss premised on an arbitration clause can properly be analyzed under the evidentiary standards applied under Rule 12(b)(6) or Rule 56, depending on whether matters outside the pleadings are considered. *See City of Benkelman*, 867 F.3d at 882. But the motion at issue in *City of Benkelman* was, quite expressly, a motion to dismiss. *See id*. at 877. Here, however, the defendant's motion sought to stay the proceeding and compel arbitration pursuant to 9 U.S.C. § 3. It seems self-evident that a court can't stay a case and dismiss it at the same time.

Simply put: NECivR 7.1(b)(1)(B) sets a 21-day response deadline for three very specific kinds of motion, and the defendant here filed none of them.

That does not mean, however, that the Court cannot excuse the plaintiff's error in not responding to the defendant's motion. The Court may grant relief from a final order based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1); *see Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005). Generally, neither a mistake of law nor the failure to follow the clear dictates of a court rule constitutes excusable neglect. *Id.*; *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 404 (8th Cir. 2000).

The Court does, nonetheless, have the discretion to excuse late filings caused by inadvertence, mistake, or carelessness, after considering the possibility of prejudice to the opposing party, the length of the delay, the reasons for the delay, and whether the party acted in good faith. *See Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855-56 (8th Cir. 1999). Here, considered on balance, those factors weigh in favor of excusing the default. Had the plaintiff asked for an extension of the response deadline, the Court would surely have granted it. There is no possibility of prejudice resulting from the few days delay, and the Court has no basis to question the plaintiff's good faith. Accordingly, the Court will grant the plaintiff's motion.

IT IS ORDERED:

1. The plaintiff's motion to reconsider (filing 11) is granted.

2. This case is administratively reopened.

3. The Clerk of the Court is directed to reopen the defendant's motion to stay and compel arbitration (filing 6).

4.  The plaintiff may respond to the defendant's motion to stay and compel arbitration (filing 6) on or before March 27, 2020.

5.  The defendant may reply in support of its motion to stay and compel arbitration (filing 6) on or before April 3, 2020.

6.  The defendant's motion to stay and compel arbitration (filing 6) is referred to the magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and NECivR 72.1.

Dated this 24th day of March, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge